|  |  |
|---|---|
|  | **UNITED STATES DISTRICT COURT** |
|  | **DISTRICT OF NEVADA** |

RICKY ALLEN,

        Plaintiff,

    v.

E.K. MCDANIEL, *et al.*,

        Defendants.

3:08-cv-00430-RCJ-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

August 31, 2010

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion for summary judgment (#31). Plaintiff opposed (#38), and defendants did not reply. The court has thoroughly reviewed the record and recommends that defendants' motion for summary judgment (#31) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Ricky Allen ("plaintiff") is currently incarcerated in Pelican State Bay Prison in the custody of the California Department of Corrections (#31, p. 9). However, plaintiff was incarcerated in Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") at the time of the alleged constitutional violation (#10, p. 1). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violation of his Fourteenth Amendment right to procedural due process.[1] *Id.* Plaintiff names as defendants, Eldon K. McDaniel, ESP Warden; Adam Endel, ESP Associate Warden of Programs; Debra Brooks, ESP Associate Warden of Programs; and ESP. *Id.* p. 2.

The court relates the pertinent facts as alleged in plaintiff's complaint (#10) and opposition

---

[1] Plaintiff also invoked the Fifth, Sixth, and Eighth Amendments. However, in screening the complaint pursuant to 28 U.S.C. § 1915(a), the court found that plaintiff averred a cognizable claim based on facts alleged in his complaint accusing defendants of placing him in administrative segregation without providing him notice of the reasons for such placement. Such facts only give rise to a due process claim under the Fourteenth Amendment.

to defendants' motion for summary judgment (#38), and those undisputed facts contained in defendants' motion for summary judgment (#31). On or about March 24, 2008, prison officials transferred plaintiff to ESP (#38, p. 3). Defendants placed plaintiff in administrative segregation following an initial hearing before the classification committee. *Id.* Plaintiff states he did not receive any disciplinary notices explaining the reason for his placement in administrative segregation (#10, p. 5). Plaintiff contacted a unit case worker on March 25, 2008, to request clarification regarding his placement in administrative segregation. *Id.* Following this contact and several grievance filings, plaintiff states he received notice that defendants placed him in administrative segregation due to possible gang affiliation and related issues. *Id.*

Plaintiff argues that defendants' decision to place him in administrative segregation is not justified by concerns regarding his gang affiliation, which he describes as mere suspicions (#38, p. 5). Plaintiff also argues that ESP staff failed to provide him with due process upon his assignment to administrative segregation, including written notice of the prison's reason for placing him in segregated quarters. *Id.* An ESP caseworker met with plaintiff weekly during his administrative segregation and provided weekly notices of the reason for continued segregation–security threat group concerns (#31, p. 7). On April 25, 2008, following a second classification committee hearing, defendants granted plaintiff's request to be assigned to a cell in the general population. *Id.* p. 5. Defendants reassigned plaintiff the same day. *Id.*

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

A.  **Discussion**

1.  **Summary Judgment Standard**

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the

1 moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view
2 all evidence and any inferences arising from the evidence in the light most favorable to the
3 nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). However, the Supreme
4 Court has noted:

> [W]e must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

9 *Beard v. Banks*, 548 U.S. 521, 530 (2006). Where reasonable minds could differ on the material
10 facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*,
11 477 U.S. 242, 251 (1986).

12       The moving party bears the burden of informing the court of the basis for its motion, and
13 submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex*
14 *Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party
15 opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set
16 forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248.
17 Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a
18 party who fails to make a showing sufficient to establish the existence of an element essential to that
19 party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-
20 23.

21 **B.     Analysis**

22       Plaintiff alleges that defendants violated his Fourteenth Amendment rights by placing him
23 in administrative segregation without sufficient justification or notice (#10, #38). Defendants argue
24 they placed plaintiff in administrative segregation for a legitimate nonpunitive purpose and that
25 transfer of an inmate from the general prison population to administrative segregation for such
26 purposes does not give rise to a liberty interest (#31). Further, defendants argue that plaintiff
27 received due process protections that met or exceeded the legal requirements including a hearing,
28 notification of the reasons for segregation, an opportunity to respond, and periodic review of

3

plaintiff's status. *Id.*

### 1. Due Process: Administrative Segregation

The Due Process Clause of the Fourteenth Amendment protects individuals from arbitrary government action by prohibiting states from depriving people of "life, liberty, or property without due process of law." U.S. Const. amend. XIV. In order to prevail on a claim of deprivation of liberty without due process of law, a plaintiff must first establish the existence of a liberty interest. After meeting this threshold requirement, the plaintiff must then demonstrate that defendants failed to provide the process due. *Wolff v. McDonnell*, 418 U.S. 539 (1974). As discussed below, plaintiff does not demonstrate that freedom from short-term placement in ESP's administrative segregation unit for nonpunitive purposes is a constitutionally protected liberty interest. Furthermore, plaintiff does not demonstrate that defendants failed to provide adequate process related to his administrative segregation.

#### a. Liberty Interest

Plaintiff does not have a liberty interest in remaining in the general prison population at ESP. Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). First, the Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. *See id.* Second, liberty interests created by state prison regulations are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. There is "no liberty interest in freedom from state action taken within the sentence imposed" and "administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence." *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997). Even so, "a liberty interest in avoiding particular conditions of confinement may arise from state policies or regulations, subject to the important limitations set forth in *Sandin* . . . ." *Wilkinson v. Austin*, 545 U.S. 209, 222 (2005).

Under *Sandin*, a factual comparison must be made between the conditions in general population and administrative segregation, "examining the hardship caused by the prisoner's

challenged action in relation to the basic conditions of life as a prisoner." *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003). There is no single standard for this comparison; instead, courts examine the "condition or a combination of conditions or factors" case by case. *Kennan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996). Specifically, courts consider three factors in undertaking this analysis: (1) whether the challenged sanction "mirrored those conditions imposed upon inmates in administrative segregation and protective custody" demonstrating that the prison acted within its discretionary authority; (2) the duration of the sanction; and (3) whether the sanctions will affect the length of the prisoner's sentence. *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003).

Here, plaintiff fails to allege in his complaint or demonstrate in his opposition to defendants' motion for summary judgment that confinement in administrative segregation imposes an "atypical or significant hardship." Admittedly, plaintiff included comments regarding the cleanliness of the showers and his cell in grievances sent to defendants and attached to his complaint; however, these facts do not describe confinement conditions that can be considered "atypical or significant" when compared to ordinary prison confinement. Rather, the court presumes that plaintiff's hardship derived from his desire to return to the general population and his general dissatisfaction with being confined in administrative segregation. Defendants housed plaintiff in administrative segregation from March 24, 2008, until April 24, 2008. One month in administrative segregation is not "atypical or significant," nor does the month in administrative segregation impact the length of plaintiff's sentence.

The court finds that plaintiff's short time in administrative segregation before transferring to the general prison population does not give rise to a liberty interest. Because plaintiff does not present any issues of disputed, material fact, judgment as a matter of law is granted in favor of defendants.

          **b.**    **Process Due**

As explained above, plaintiff does not have a liberty interest in remaining in the general prison population at ESP. However, assuming without deciding that plaintiff demonstrated a liberty interest, the court finds that the process provided by ESP satisfied due process requirements applicable to administrative segregation. Prison officials need only provide an "informal,

5

1  nonadversary evidentiary review . . . for the decision that an inmate represents a security threat and
2  the decision to confine an inmate to administrative segregation." *Hewitt*, 459 U.S. at 475; *see also*
3  *Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01 (9th Cir. 1986), *abrogated in part on other grounds*
4  *by Sandin*, 515 U.S. 472. (citing *Hewitt* and finding that prison officials must notify inmates of their
5  reasons for considering segregation and allow inmates to present their views, but are not required
6  to provide a detailed, written decision describing the prison's reasoning). The proceeding must take
7  place within a reasonable time following transfer of the inmate to administrative segregation. *Id.* at
8  475 n.8. Prison officials must also periodically review the decision to administratively segregate an
9  inmate, but such review does not require officials to permit the inmate to submit additional evidence
10 or statements. *Id.* at 475 n.9.

11  Plaintiff does not deny that defendants placed him in administrative segregation upon transfer
12 to ESP based on potential gang affiliation and related issues. Rather, plaintiff argues that due
13 process requires defendants to provide him with a detailed description and disciplinary report
14 explaining their reasoning for placing him in administrative segregation. The court disagrees. The
15 law simply does not require prisons to provide such detailed reporting to its prisoners.

16  Defendants placed plaintiff in administrative segregation following an initial hearing before
17 the classification committee. At this pre-confinement hearing, the classification committee
18 questioned plaintiff about his gang affiliation and, based on his responses which contradicted the
19 prison's records, the committee placed plaintiff in administrative segregation for his own safety and
20 the security of the prison. For the month that plaintiff remained in administrative segregation,
21 plaintiff participated in weekly reviews with his caseworker at which he received notices regarding
22 his status and reasons for confinement. Both plaintiff and defendants attached copies of these
23 notices, dated March 31, April 7, April 14, and April 21, 2008, to their pleadings. These meetings
24 allowed plaintiff the opportunity to assure his caseworker of his ability to live in the general prison
25 population safely, ultimately resulting in plaintiff's transfer to the general prison population.
26  The court finds that defendants afforded plaintiff any and all process that was due.

### III. CONCLUSION

28  Based on the foregoing and for good cause appearing, the court concludes that plaintiff fails

1  to demonstrate any issues of material fact regarding defendants' deprivation of due process of law
2  when it placed him in administrative segregation. As such, the court recommends that defendants'
3  motion for summary judgment (#31) be **GRANTED**. The parties are advised:

4     1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,
5  the parties may file specific written objections to this report and recommendation within fourteen
6  days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and
7  Recommendation" and should be accompanied by points and authorities for consideration by the
8  District Court.

9     2.    This report and recommendation is not an appealable order and any notice of appeal
10  pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

11  **IV. RECOMMENDATION**

12  **IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment
13  (#31) be **GRANTED**.

14  **DATED:** August 31, 2010.

16  **UNITED STATES MAGISTRATE JUDGE**

7